# Peck *v.* Buffalo, Rochester & Pittsburgh Ry., Appellant.

*Railroads—Automobiles—Grade crossing—"Stop, look and listen"— Speed— Negative testimony—Evidence—Contributory negligence—Case for jury.*

1. Where two persons in an automobile struck by a train at a railroad crossing, and a passenger on the train whose attention was at the time concentrated on the movement of the train, testify that no signal was given, such testimony cannot be treated as negative in character.

2. In an action for injuries resulting from a collision between a train and an automobile at a crossing, the question of the contributory negligence of the driver of the automobile is for the jury, where there is evidence that the driver stopped and looked at a proper place, then proceeded up grade at the rate of two or three miles an hour, and that the collision did not occur until the automobile had almost cleared the track.

Argued March 23, 1925. Appeal, No. 71, March T., 1925, by defendant, from judgment of C. P. Butler Co., March T., 1925, No. 154, on verdict for plaintiff, in case of Abe Peck v. Buffalo, Rochester & Pittsburgh Railway

Co.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMP-
SON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Trespass for personal injuries.  Before HENNINGER,
P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,800.  De-
fendant appealed.

*Error assigned* was refusal of binding instructions for
defendant, quoting record.

*Samuel Walker,* with him *John G. Whitmore,* for ap-
pellant.

*James E. Marshall,* of *Marshall & Watson,* for ap-
pellee.

OPINION BY MR. JUSTICE FRAZER, May 11, 1925:

Plaintiff sued to recover damages to his truck and
for personal injuries sustained in a collision between the
truck and one of defendant's trains, at a grade crossing.
From a verdict and judgment for plaintiff, defendant ap-
pealed, assigning for error the refusal of the court be-
low to enter judgment in its favor non obstante veredicto.

The accident occurred in day time.  The truck was
driven by an employee of plaintiff, and the latter, with
his son, was riding on the seat with the driver.  At the
point of crossing, the public highway runs up grade in
the direction the truck was traveling and also crosses
the railroad at an angle.  The driver testified that on
account of the grade he changed to second gear when
about 200 feet from the crossing and proceeded until
within from ten to twenty feet of the tracks when he
stopped and looked "both ways up and down the track,"
for an approaching train, and seeing none changed into
low gear and proceeded forward at a speed of two or
three miles an hour.  The truck was hit on the rear end

immediately before it cleared the track on which the train was running.

So far as defendant's negligence is concerned, there is evidence that the train drew near the crossing at a speed estimated by plaintiff's witnesses at 45 to 60 miles an hour, a speed much faster than usual, due evidently to the fact that it was behind schedule time. Plaintiff, his son, the driver of the truck and a passenger aboard the train, all testified no whistle was blown to warn those who might be at the crossing. Defendant argues this testimony was merely negative in character. The first three witnesses were present at the place of the accident for the express purpose of crossing the tracks and had stopped and listened to learn whether a train was approaching. They were thus in a position to hear the signal, if given. The passenger aboard the train testified he observed particularly its movements, knowing it was behind time, and, having an appointment to meet members of his family at the station, was calculating in his mind how long they would probably wait for him. This witness, in answer to a question whether or not a signal of warning for the crossing was given, replied, "Positively not," and on cross-examination said further, "It didn't blow; I know it didn't blow. My attention was riveted to the fact." While there were other witnesses called by plaintiff who testified they heard no whistle, they were not giving particular attention to the arrival of the train and had no reason for carefully observing whether the warning was or was not sounded; their testimony, may, therefore, be properly classed as negative in character. However, the testimony first referred to above coming from witnesses in a position to hear the warning, is sufficient to support the finding of the jury that none was in fact given.

As to contributory negligence on part of plaintiff, defendant contends the conditions at the crossing, and the circumstances surrounding the accident, bring the case within the rule that where a person enters on the rail-

road track and is struck immediately by an approach-ing train and there is nothing to obstruct his view, he cannot be heard to say he stopped to look and listen and did not see what must have been in plain sight before he entered on the crossing. The truck was traveling up grade and after having started over the crossing was moving at the rate of two or three miles an hour. There is contradiction as to the distance the track was visible to those in the truck in the direction in which the train came, from the place where they stopped. It appears the railroad passes through a cut at a distance of five or six hundred feet from the crossing and owing to the hazy condition of the atmosphere a clear view be-yond that distance was not then obtainable. If the jury accepted plaintiff's testimony as to the speed of the train, a mathematical computation shows that it would move over more than the above distance in less time than it would take the truck to clear the crossing from the place where it stopped. It was possible, conse-quently, for the accident to have happened in the manner stated though the train was not in view at the time plain-tiff stopped to ascertain if the track was clear. The case is not one of a traveler being struck immediately upon entering on the crossing by a train which must have been in plain view, on the contrary the collision did not occur until the truck had almost cleared the track and was there struck by a train not in view at the time plaintiff stopped to look and listen at a proper place. It was for the jury to say whether plaintiff was negligent in not seeing the train in time to avoid the collision.

The judgment is affirmed.